

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:13CR107–HEH |
| ) | |
| RICKY TIMOTHY WYATT, JR., ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Ricky Timothy Wyatt, Jr., a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 57). Wyatt contends that he experienced ineffective assistance of counsel[1] in conjunction with his criminal proceedings. Specifically, Wyatt demands relief because:

| | |
|---|---|
| Claim One: | "Ineffective assistance of counsel at the trial proceedings. Counsel was defective for not asserting an affirmative claim under Movant's arrest resulting in the search of his residence illegally." (Mem. Supp. § 2255 Mot. 1, ECF No. 58.)[2] |
| Claim Two: | "Ineffective assistance of counsel at sentencing. The Court aggregated the Counts Two through Six imposing a sentence more extensive. Counsel failed to object causing extended jail time therefore [ineffective assistance of counsel] is shown." (*Id.* at 3.) |

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] The Court corrects the capitalization, spacing, and punctuation in quotations from Wyatt's submissions.

Claim Three: "Ineffective assistance of counsel as to Count One charged offense 18 U.S.C. § 922(g)(1). The indictment lists 'did knowingly and unlawful possess firearms and ammunition.' Counsel was ineffective for not objecting to the element 'possess.'" (*Id.* at 4.)

Claim Four: "Ineffective assistance of counsel at sentencing. The Sentencing Guidelines were applied wrongly. (1) The leadership role enhancement was applied without authority to support five members. (2) The enhancement for obstruction after the arrest may not be listed as obstruction in this cause but must be a new charge not an enhancement." (*Id.* at 5.)

The Government has responded, asserting that Wyatt's claims lack merit. (ECF No. 63.) For the reasons set forth below, Wyatt's § 2255 Motion (ECF No. 57) will be denied.

## I. PROCEDURAL HISTORY

On June 18, 2013, a grand jury charged Wyatt with one count of possession of firearms and ammunition by a convicted felon (Count One), and five counts of falsely making, forging, and counterfeiting Federal Reserve Notes (Counts Two through Six). (Indictment 1–2, ECF No. 11.) Subsequently, Wyatt, through counsel Jeffrey Everhart, filed a Motion to Suppress, seeking suppression of the counterfeit United States currency seized during a search of Wyatt's residence. (Mot. Suppress 1–3, ECF No. 16.) On September 12, 2013, the Court denied the Motion to Suppress following an evidentiary hearing. (Sept. 12, 2013 Tr. 37–38, ECF No. 67.) On September 27, 2013, a jury found Wyatt guilty of all six counts of the Indictment. (ECF No. 30, at 1–3.) With respect to Count One, the jury found that Wyatt had possessed three firearms and assorted ammunition. (*Id.* at 1–2.)

Prior to sentencing, a Probation Officer determined that Wyatt should receive a two-level enhancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines. (Pre-Sentence Investigation Report ("PSR") Wksht. A, ECF No. 35.) Wyatt's criminal history placed him in Criminal History Category III of the Sentencing Guidelines (*id.* Wksht. C), and his Guidelines range called for 70 to 87 months of imprisonment (*id.* Wksht. D). The Government objected to the PSR because it did not "include the application of a four-level enhancement for an Aggravating Role under United States Sentencing Guidelines, § 3B1.1(a)." (ECF No. 38, at 1.) The Government argued that the enhancement was appropriate because Wyatt qualified as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive . . . ." (*Id.* at 8.)

On January 2, 2014, the Court entered a Notice of Contemplated Upward Variance, placing the parties "on notice that the Court [was] considering imposing an upward variance from the otherwise applicable guideline range established in this case." (ECF No. 40, at 1.) During the sentencing hearing on January 3, 2014, the parties argued with respect to the enhancement for obstruction of justice, as well as the Government's request that the Court impose a four-level enhancement pursuant to § 3B1.1(a) of the Sentencing Guidelines. (Jan. 3, 2014 Tr. 45–60.) The Court concluded that the two-level obstruction of justice enhancement was appropriate. (Jan. 3, 2014. Tr. 61.) The Court also determined "that [Wyatt] was an organizer and leader in the manufacturing and trafficking of counterfeit Federal Reserve notes, and that five or more individuals were

3

supervised by him as a part of that operation." (Jan. 3, 2014 Tr. 63.) The Court therefore imposed a four-level enhancement under § 3B1.1(a). (Jan. 3, 2014 Tr. 63.) With that enhancement, Wyatt's total offense level increased to 26, which, at Criminal History Category III, called for 78 to 97 months of incarceration. (Jan. 3, 2014 Tr. 66.) The Court, however, determined that this Guidelines range was insufficient to serve the factors set forth in 18 U.S.C. § 3553(a). (Jan. 3, 2014 Tr. 79.) Instead, the Court determined that Wyatt's Criminal History Category should be increased to IV, which, with a total offense level of 26, called for 92 to 115 months of incarceration. (Jan. 3, 2014 Tr. 80.)

On January 9, 2014, the Court entered judgment against Wyatt and sentenced him to 112 months on each count, to be served concurrently. (J. 2, ECF No. 44.) Wyatt appealed. (ECF No. 46.) On appeal, Wyatt "challenge[d] his four-level role enhancement under *U.S. Sentencing Guidelines Manual* § 3B1.1 (2012) and the district court's imposition of a variance sentence . . . ." *United States v. Wyatt*, 581 F. App'x 174, 175 (4th Cir. 2014). The United States Court of Appeals for the Fourth Circuit affirmed. *Id.* at 178. The United States Supreme Court denied Wyatt's petition for a writ of certiorari. *Wyatt v. United States*, 135 S. Ct. 767 (2014).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

4

(1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A.  Ineffective Assistance Regarding Motion to Suppress

In Claim One, Wyatt alleges that counsel "was defective for not asserting an affirmative claim under Movant's arrest resulting in the search of his residence illegally." (Mem. Supp. § 2255 Mot. 1.)

In order to show that counsel was ineffective for failing to raise a Fourth Amendment argument, a petitioner must demonstrate that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Wyatt states that he "was arrested not at his residence but at a residence of another person[, and that the] arrest was not even inside the residenc[e] but in the front yard. The arresting officer did not have an arrest warrant. The arrest was without legal

cause." (Mem. Supp. § 2255 Mot. 1.) Wyatt also argues that "the [illegal] arrest w[as] allowed to serve as probable cause to get a search warrant for the defendant's residenc[e]." (*Id.* at 2.) As discussed below, Wyatt fails to demonstrate that his claim is meritorious.

On or about October 17, 2012, Jamall Mohamad was killed in Petersburg, Virginia. (Sept. 12, 2013 Tr. 6.) The Petersburg Police Department learned that Mohamad had been a member of the Nine Trey Gangsters, "and that the individual[s] identified as perpetrating his murder were members of the Nine Trey Gangsters from a rival set. That set included Mr. Wyatt." (Sept. 12, 2013 Tr. 6.)

> On November 8, 2012, [Wyatt] was arrested by Petersburg, Virginia, Police as a result of an investigation they were conducting into [the] homicide . . . . [Wyatt] and several other males emerged from a residence located at 709-A Juniper Road, Petersburg, Virginia. Police were given permission to search the residence, by the lease-holder, for an individual who was a suspect in the homicide. Upon entering the residence, police found the individual they were looking for. They also recovered four firearms from the residence. Three of the firearms were in a downstairs bathroom, and one firearm was in an upstairs bedroom.
> Three individuals were subsequently interviewed and each stated that the defendant had been in possession of some or all of the three firearms that were recovered from the downstairs bathroom (a Hi-Point model C9, a Lorcin Model L380, and the Arminius Model HW7T), as well as the firearm that was recovered from the upstairs bedroom (a Rohm Model RG10). All four firearms were loaded with ammunition at the time they were recovered.

(PSR ¶¶ 9–10.) Wyatt was arrested and "charged in the state with various criminal activity related to that investigation." (Gov't's Resp. 15.)[3]

---

[3] The state charges against Wyatt were *nolle prossed* on May 29, 2013. (Gov't's Resp. Ex. 1, ECF No. 63–1, at 6–10.)

6

> Later that evening, a search warrant was executed at [Wyatt's] residence . . . . Authorities recovered counterfeit currency, a color printer with counterfeit United States currency located on it, a paper cutter, .22 caliber ammunition, a gun box, gang literature related to the Nine Trey Gangsters, multi-colored beads associated with gang membership within Nine Trey Gangsters, a "line-up" sheet listing the names of people who are members of Nine Trey Gangsters, and two digital scales.

(PSR ¶ 11.)

"A warrantless arrest is constitutionally permissible if there is probable cause for the arresting officers to believe that a felony is being or has been committed by the arrested individual." *United States v. Wright*, 374 F. App'x 386, 389 (4th Cir. 2010) (citing *United States v. McCraw*, 920 F.2d 224, 227 (4th Cir. 1990)). Probable cause "exists if the facts and circumstances within the arresting officers' knowledge at the moment the arrest is made would be sufficient for a prudent man to believe that the defendant had committed an offense." *Id.* (citing *United States v. Dorlouis*, 107 F.3d 248, 255 (4th Cir. 1997)). Probable cause "requires more than bare suspicion, [but] less than that evidence necessary to convict." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998) (internal quotation marks omitted). "Seemingly innocent activity . . . may provide the basis for a showing of probable cause when considered in the context of all of the surrounding circumstances." *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (citation omitted) (internal quotation marks omitted).

Wyatt apparently believes that officers had no probable cause to arrest him because he was only standing on the front lawn of the residence being searched. However, prior to the November 8, 2012 search, the Petersburg Police Department had

conducted an investigation into Mohamad's homicide and learned that Wyatt was part of the set of Nine Trey Gangsters identified as involved in the homicide. (Sept. 12, 2013 Tr. 6.) During the search, officers learned that Wyatt had been in possession of some, if not all, of the four firearms recovered. (Sept. 12, 2013 Tr. 6.) Thus, officers clearly had probable cause to arrest Wyatt for gang-related felony activity, including possession of firearms and the homicide of Mohamad. *See Wright*, 374 F. App'x at 389 (citing *McCraw*, 920 F.2d at 227). This investigation and Wyatt's arrest on gang-related activity thus provided probable cause for officers to apply for and receive a warrant to search Wyatt's residence for gang-related paraphernalia. *See Doe v. Broderick*, 225 F.3d 440, 451 (4th Cir. 2000) (noting that probable cause for a search warrant "exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of crime and will be present at the time and place of the search"). Wyatt thus has failed to demonstrate that his "Fourth Amendment claim is meritorious . . . ." *Kimmelman*, 477 U.S. at 375. Because Wyatt fails to show deficiency of counsel or resulting prejudice, Claim One will be dismissed.

### B. Ineffective Assistance at Trial

In Claim Three, Wyatt contends that counsel was ineffective "as to Count One charged offense 18 U.S.C. § 922(g)(1). The indictment lists 'did knowingly and unlawfully possess firearms and ammunition.' Counsel was ineffective for not objecting to the element 'possess.'" (Mem. Supp. § 2255 Mot. 4.) According to Wyatt, the

Government failed to prove actual possession because he was arrested "outside of the premises in which the weapons were found." (*Id.* at 5.) As discussed below, Wyatt's claim lacks merit.

To establish a violation of 18 U.S.C. § 922(g), the Government must prove that:

> (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped, or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence.

*United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995). "The possession component of a § 922(g)(1) crime may be established with proof of either actual or constructive possession." *United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005) (citing *United States v. Rahman*, 83 F.3d 89, 93 (4th Cir. 1996)). To establish actual possession, the Government "must prove that the defendant voluntarily and intentionally had physical possession of the firearm." *Id.* To establish constructive possession, the Government "must prove that the defendant intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm. Constructive possession of the firearm must also be voluntary." *Id.*

Contrary to Wyatt's assertion, counsel did argue, as part of his Rule 29 motion for acquittal, that there was insufficient evidence to demonstrate that Wyatt had possessed the firearms at issue. (Sept. 27. 2013 Tr. 304–05, ECF No. 50.) Specifically, counsel argued that, to prove possession, the Government "relie[d] on the testimony of a number

of individuals who have their own various reasons for slanting their testimony or perhaps lying." (Sept. 27, 2013 Tr. 304.) The Court rejected counsel's argument, stating:

> The evidence in this case, I think, is sufficient to show a *prima facie* case at this point, which is the government's burden at this stage of the proceeding. It is demonstrated with respect to the firearms that if the testimony is believed, and determining the credibility of a witness is exclusively within the province of the jury, that this defendant at one or more times possessed the firearms mentioned in the indictment either constructively or actually. And that will be for the jury to determine whether or not that is sufficient to satisfy the elements of the offense.

(Sept. 27, 2013 Tr. 306.) Counsel cannot be faulted for the Court's decision to reject his argument. Wyatt has failed to demonstrate both deficiency of counsel and resulting prejudice, and Claim Three will be dismissed.

### C. Ineffective Assistance at Sentencing

In his § 2255 Motion, Wyatt raises two claims regarding ineffective assistance of counsel at sentencing. First, in Claim Two, Wyatt contends that "[t]he Court aggregated the Counts Two through Six imposing a sentence more extensive. Counsel failed to object causing extended jail time . . . ." (Mem. Supp. § 2255 Mot. 3.) Wyatt apparently believes that because Counts Two through Six of the Indictment only referred to one counterfeit bill per count, his total offense level for those counts should have been 9. (*Id.* at 3–4.) Wyatt also argues that counsel failed to argue that Wyatt's rights under the Sixth Amendment were violated because a jury did not determine how much counterfeit currency was attributable to him for purposes of relevant conduct under the Sentencing Guidelines. (*Id.* at 4.) Wyatt, however, is mistaken.

A Probation Officer determined that Wyatt should be held responsible for manufacturing a total of $20,343.00 in counterfeit currency. (PSR ¶ 12.) Wyatt is correct that for counterfeiting offenses, the base offense level is 9. *United States Sentencing Guidelines Manual* § 2B5.1(a) (U.S. Sentencing Comn'n 2013) ("USSG"). However, because the value of the counterfeit money exceeded $10,000.00, Wyatt's base offense level was increased by four levels. *See id.* §§ 2B1.1(b)(1)(C); 2B5.1(b)(1)(B). An additional two levels were added because Wyatt counterfeited Federal Reserve notes. *See id.* § 2B5.1(b)(2)(A). Therefore, Wyatt's total offense level for Counts Two through Six was properly determined to be 15. (*See* PSR Wksht. A.) Any argument by counsel that Wyatt's total offense level for Counts Two through Six should have remained at 9 is meritless, and counsel cannot be ineffective for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996).

Wyatt also contends that counsel was ineffective for failing to argue that Wyatt's rights under the Sixth Amendment were violated because a jury did not determine how much counterfeit currency was attributable to him for purposes of relevant conduct under the Sentencing Guidelines. The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Furthermore, "any fact that increases the mandatory minimum [for an offense] is an 'element' that must be submitted to the jury." *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Here, Wyatt was not

sentenced beyond the prescribed statutory maximums, and he was never subject to a mandatory minimum sentence. *Apprendi* and *Alleyne* "did not disturb judicial factfinding at sentencing for facts that do not impact the statutory punishment." *United States v. Mason*, 547 F. App'x 235, 236 (4th Cir. 2013) (citation omitted). Instead, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220, 233 (2005).[4] Any contrary argument by counsel would have been meritless. Because Wyatt has demonstrated neither deficiency of counsel nor resulting prejudice, Claim Two will be dismissed.

In Claim Four, Wyatt faults counsel for not challenging the application of various enhancements under the Sentencing Guidelines. Wyatt argues: "The Sentencing Guidelines were applied wrongly. (1) The leadership role enhancement was applied without authority to support five members. (2) The enhancement for obstruction after the arrest may not be listed as obstruction in this cause but must be a new charge not an enhancement." (Mem. Supp. § 2255 Mot. 5.) According to Wyatt, counsel should have objected to these enhancements because they were based upon facts that were not decided by a jury. (*Id.* at 5–6.) However, as discussed above, Wyatt had no right to a jury determination of these facts because they did not affect the statutory punishment that he faced. *Booker*, 543 U.S. at 233; *Mason*, 547 F. App'x at 236 (citation omitted). Counsel

---

[4] The Fourth Circuit has indicated that "'[t]here is no conflict' between *Alleyne* and *Booker*." *United States v. Hailey*, 563 F. App'x 229, 231 (4th Cir. 2014) (quoting *United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014)).

cannot be ineffective for failing to raise a meritless claim. *Moore*, 924 F. Supp. at 731. Because Wyatt has demonstrated neither deficiency of counsel nor resulting prejudice, Claim Four will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Wyatt's § 2255 Motion (ECF No. 57) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug. 15, 2017
Richmond, Virginia