IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal Action No. 3:13CR107–HEH
)
RICKY TIMOTHY WYATT, JR., ) Civil Action No. 3:20-cv-812
)
Petitioner. )

### MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on August 15, 2017, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF Nos. 69, 70.) On November 7, 2019, the Court received another 28 U.S.C. § 2255 motion (ECF No. 80) from Wyatt, which the Court denied on January 15, 2020. (ECF Nos. 82, 83.) The Court has now received an additional motion, which Wyatt has styled as a Motion for Audita Querela, and a related Motion for Default or Summary Judgment. (ECF Nos. 81, 88.) For the reasons stated herein, Wyatt's Motion for Audita Querala is a successive, unauthorized § 2255 motion and the Court lacks jurisdiction to entertain either of Wyatt's latest filings.

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping'

mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Wyatt's Motions challenge his conviction and sentence and fall within the scope of 28 U.S.C. § 2255(a). *See United States v. Sessoms*, 488 F. App' x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to hear Wyatt's successive § 2255 Motion. Accordingly, the Clerk will be directed to file the present action as unauthorized successive motions under 28 U.S.C. § 2255. The action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Wyatt has not satisfied this standard. Accordingly, a certificate of appealability is denied.

An appropriate Order will follow.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 19, 2020
Richmond, Virginia